**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL MARTINEZ, | ) | |
| on behalf of himself and all other | ) | |
| plaintiffs similarly | ) | |
| situated | ) | |
| | ) | |
| v. | ) | Case No.: 1:17-cv-7122 |
| | ) | |
| H&P ROOFING AND SIDING, | ) | |
| Heliodoro Gomez, and | ) | |
| Paula Medina, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff ANGEL MARTINEZ ("Martinez"), by and through his attorneys, and for his Complaint against H&P Roofing and Siding, Heliodoro Gomez and Paula Medina (collectively "Defendants") states as follows:

### <u>Parties</u>

1.     Plaintiff is a resident of Illinois and worked as a laborer in Illinois.

2.     During the course of his employment with Defendants, Plaintiff handled goods that moved in interstate commerce.

3.     Defendant H&P Roofing and Siding  ("H&P") is an Illinois entity.

4.     H&P does not appear to be incorporated in Illinois.

5.     Defendants Heliodoro Gomez and Paula Medina own and operate H&P.

6.     Heliodoro Gomez and Paula Medina oversaw the illegal pay practices described herein.

7.     Defendant H&P "enterprises" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

8.     Defendant H&P is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203 (s)(1)(A) of the FLSA. 29 U.S.C. §203(s)(1)(A).

9.     During the last three years, Defendant H&P's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

10.    Defendants were Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

11.    Defendants were Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

12.    Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

13.    Plaintiff was Defendants' "employee" as defined by the IMWL. 820 I05/3(d).

## Jurisdiction and Venue

14.    Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

15.    Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

16.    Plaintiff worked for Defendants within the past three years as a laborer working on roofs.

17.    Plaintiff was paid $200 per day of work.

18.    Plaintiff worked 12-13 hours per day, seven days per week.

19.    Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

20.     Plaintiff was not paid one and one-half times his regular rate of pay for all hours worked over 40 in a work week as the Department of Labor and the law requires.

21.     Plaintiff was not exempt from the overtime provisions of the FLSA.

22.     Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of H&P Roofing and Siding.

## COUNT I- FAIR LABOR STANDARDS ACT

23.     The Plaintiff re-alleges and incorporates paragraphs 1 through 22, as if fully set forth herein.

24.     At all relevant times, Defendants employed and/or continued to employ Plaintiff within the meaning of the FLSA.

25.     Defendants have a policy and practice of not paying the proper overtime rate under the FLSA.

26.     Under the FLSA, Plaintiff was entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week.

27.     The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

28.     Defendants failed to compensate Plaintiff at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA

29.     Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

31.     Due to Defendants' violations of the FLSA, Plaintiff alleges he has suffered damages and is entitled to recover damages from Defendants, joint and severally.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

a)     A declaratory judgment that Defendants violated the minimum wage provisions of the FLSA as to the Plaintiff;

b)     A declaratory judgment that Defendants' violations were willful

c)     A judgment of unpaid overtime compensation;

d)     A judgement of an additional equal amount as liquidated damages;

e)     Prejudgment interest; and

f)     Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II - ILLINOIS MINIMUM WAGE LAW– OVERTIME

32.     Plaintiff hereby alleges and incorporates Paragraph 1 through 31 of this Complaint, as is fully set forth herein.

33.     This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

34.     Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

35.     Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

36.     By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

37.     As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for the following relief:

a)     A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

b)     A declaratory judgment that Defendants' violations of the IMWL was willful;

c)     A judgment to Plaintiff in the amount of unpaid wages;

d)     A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

e)     A judgment to Plaintiff of reasonable attorney's fees and costs incurred in filing this action; and

f)     Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, including the FLSA claim.

Dated October 3, 2017

Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563